**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of himself and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NESTOR SAROZA, on behalf of himself and all others similarly situated,  Plaintiff, vs. CLIENT SERVICES, INC. Defendant. | Civil Action No. **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff NESTOR SAROZA ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant CLIENT SERVICES, INC. the following:

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, an individual consumer, against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## III. PARTIES

6. The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff NESTOR SAROZA is a natural person residing in Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

1. Based upon information and belief, Defendant CLIENT SERVICES, INC. ("Client Services" or "Defendant") is a collection agency with an office located at 3451 Harry S. Truman Boulevard, Saint Charles, MO 63301.

2. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of, which is to attempt to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

3. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

4. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters from Defendant where the creditor is Citibank Bank, N.A. and which contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. section 1692 *et. seq.*
- The Class period begins one year prior to the filing of the complaint.

5. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or

notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA, including, but not limited to:  15 U.S.C. §§1692d, 1692e and 1692f, and subsections cited therein.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

16. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to May 12, 2016, Plaintiff allegedly incurred a financial obligation to Citibank, N.A. for a Sears Charge Plus Account ("Citibank").

18. Citibank is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. Also prior to May 12, 2016, Citibank, either directly or through intermediate transactions, assigned, placed or transferred the Citibank obligation to Defendant for purposes of collection.

20. At the time the Citibank obligation was assigned, placed, or transferred to Defendant such obligation was in default.

21. Defendant caused to be delivered to Plaintiff a letter dated May 12, 2016 concerning the Citibank obligation and sought collection of an account balance of $5.456.03 from Plaintiff. A copy of said letter is attached as **<u>Exhibit A</u>**.

22. The May 12, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Upon receipt, Plaintiff read the May 12, 2016 letter.

24. The alleged Citibank obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes

25. The May 12, 2016 collection letter states:

Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions.

("IRS Reporting Language")

26. The IRS Reporting Language is false and misleading.

27. Under 26 C.F.R. §1.6050P, an applicable entity is required to report a cancellation or discharge of indebtedness under certain circumstances when the discharge of principal is at least $600.00.

28. However, Under 26 C.F.R. §1.6050P, there are seven exceptions to the reporting requirement.

29. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of **principal** need be reported:

(2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.

(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

(emphasis added.)

30. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.

31. The least sophisticated consumer would understand the first sentence of

7

the IRS Reporting Language to mean that the creditor is required in **all circumstances** by IRS regulations to report all discharge of indebtedness to the IRS. However, this is contrary to the requirements under the cited CFR provision.

32. Although the Defendant had no duty to disclose any potential tax ramifications, when a Defendant chooses to give tax disclosures, it must do so in a way that will not mislead the least sophisticated consumer as to his or her tax consequences.

33. If debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures which are inconsistent and not true.

34. The 1099-C language included in the collection letter is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. By reading the first sentence of the IRS reporting language, the least sophisticated consumer will be led to believe that a discharge of debt must be reported to the IRS for the discharge of "any" indebtedness.

35. Defendant's IRS Reporting Language is inherently deceptive and misleading, by giving erroneous, inconsistent and incomplete tax information.

36. Also, the least sophisticated consumer may believe that in order to avoid reporting to the IRS, he or she will have to pay the full amount.

37. The debt collector should also specify with respect to the balance due amount, what portion is principal and what portion is interest. Given the Account Balance of $5,456.03 and the offer to resolve the account for less than the Balance Due, without the breaking down of the amount of principal and interest in the collection letter, there is no way for the consumer to know whether or not acceptance of the settlement

offer would subject the consumer to IRS reporting.

38. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

39. The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

40. Such a statement in a collection letter also suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

41. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

42. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

43. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

44. Defendant violated the Plaintiff's right to a truthful and fair debt collection

process.

45. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

46. Defendant's communication was designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

47. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits.

48. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

49. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

50. It is Defendant's policy and practice to send written collection communications in the form exemplified by Exhibit A in an attempt to collect consumer debts in violation of the FDCPA.

51. Based upon information and Belief, Defendant used the same procedures in sending the collection letters that contained the same or substantially similar IRS

reporting language to more than 50 New Jersey consumers within one year of the filing of this complaint.

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

52. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

53. Defendant violated 15 U.S.C. § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

54. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempt to collect a debt from Plaintiff.

55. Defendant violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of the debt.

56. Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

57. Defendant violated 15 U.S.C. §1692e(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

58. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect on a debt.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   May 12, 2017                                      Respectfully submitted,

By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B
    Rutherford, NJ  07070
    (201) 507-6300

*Attorney for Plaintiff on behalf of himself and all others similarly situated*

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  May 12, 2017			By: s/ Lawrence C. Hersh
					Lawrence C. Hersh, Esq.

EXHIBIT A

**client SERVICES INCORPORATED**

3451 Harry S Truman Blvd.
Saint Charles, MO 63301-4047
RE: Citibank, N.A. - SEARS CHARGE PLUS
ACCOUNT NUMBER: XXXXXXXXXXXX3819
BALANCE DUE: $5,456.03
REFERENCE NUMBER: ▇▇▇233

Office Hours (Central Time)
Monday-Thursday: 8am-8pm
Friday: 7am-5pm
Saturday: 7am-11am
Sunday: Closed

PHONE: 877-288-0504

DATE: May 12, 2016

## SETTLEMENT OFFER

We are offering you a settlement amount of $1,419.00, to settle this Citibank, N.A. - SEARS CHARGE PLUS account for less than balance due.* This offer is valid until 06/01/2016. If payment of the offered settlement amount is not received in our office by this date, this offer will be withdrawn and will be deemed null and void. We are not obligated to renew this offer. However, a different offer may be made at a later date. If you are unable to pay the offered settlement amount by this due date, please contact our office for alternative payment options which may be available to you.

We look forward to working with you in resolving this matter.

Sean Ebeling

*Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

FOR IMPORTANT RIGHTS AND PRIVILEGES WHICH MIGHT APPLY TO YOUR STATE OF RESIDENCE, PLEASE SEE BELOW OR REVERSE SIDE (IF FAXED THEN FOLLOWING PAGE).

|  Send your payment in the enclosed envelope using the remittance coupon below. |  Online: www.csiconsumercenter.com |
|---|---|
|  Pay-by-Phone: 1-877-552-5905 |  If you are unable to pay the above settlement offer in full, contact our office at 877-288-0504 for payment options, which may be available to you. |

PO Box 1503
Saint Peters, MO 63376

| REFERENCE NUMBER | ▇▇▇233 |
|---|---|
| AMOUNT ENCLOSED | |



**Checks Payable To:**
**Citibank, N.A.**

**REMIT TO:**

NESTOR G SAROZA

CLIENT SERVICES, INC.
PO BOX 1503
SAINT PETERS MO 63376

  1 of 1                                         117611-153-CBSO2