UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| NESTOR SAROZA, | Civil Action No. |
| Plaintiff, | 2:17-cv-3429-MCA-SCM |
| v. | |
| CLIENT SERVICES, INC., | **ON DEFENDANT'S MOTION TO COMPEL ARBITRATION** |
| Defendant. | **[D.E. 06]** |

**REPORT AND RECOMMENDATION**

**STEVEN C. MANNION**, United States Magistrate Judge.

This matter comes before the Court upon Client Services, Inc. (Client Services) motions to compel arbitration.[1] Nestor Saroza (Mr. Saroza) filed a brief in opposition[2] and Client Services filed a reply.[3] The Honorable Madeline Cox Arleo, U.S.D.J., referred this motion to the undersigned for a report and recommendation.[4] Upon consideration of the parties' submissions, oral argument held on June 7, 2018, and for the reasons stated below, the undersigned respectfully recommends that the motion to compel arbitration be **DENIED**, without prejudice.

---

[1] (ECF Docket Entry (D.E.) 6, Mot. to Compel Arbitration).

[2] (D.E. 11, Pl.'s Br.).

[3] (D.E. 14, Def.'s Reply).

[4] L.Civ.R. 72.1(a)(2).

I. **BACKGROUND AND PROCEDURAL HISTORY**[5]

Mr. Saroza brought this action for actual and statutory damages against Client Services for an alleged violation of the Fair Debt Collection Practices Act.[6] Client Services asserts that Mr. Saroza incurred a financial obligation, via credit card, to Citibank, N.A. (Citibank), and that Citibank transferred the obligation to Client Services for the purpose of debt collection.[7] Client Services allegedly engaged in abusive, deceptive, and unfair debt collection practices by sending a letter stating that it "will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations."[8] Mr. Saroza contends that this language is both false and misleading.[9]

Upon receipt of the Complaint, Client Services filed a Motion to Compel Arbitration and Stay Proceedings, alleging that Mr. Saroza consented to arbitration as part of the contract governing his account.[10] In support of its motion, Client Services attached the declaration of Citibank employee, Terri Montgomery; an exemplar of the Card Agreement, and the account

---

[5] The allegations set forth within the pleadings and motion record are relied upon for the purposes of this motion only. The court has made no finding as to the veracity of the parties' allegations.

[6] 15 U.S.C. § 1692; (D.E. 1, Compl.).

[7] (D.E. 1, Compl., at ¶¶ 17–19).

[8] (D.E. 1, Compl., at ¶ 25).

[9] (D.E. 1, Compl., at ¶ 26).

[10] (D.E. 6, Mot. to Compel Arbitration).

statement as of April 2014.[11] According to Client Services, the exemplar is a typical example of the card agreements when Mr. Saroza received his credit card.[12]

The arbitration agreement provides, in pertinent part, that a party must arbitrate "[a]ll claims… made by or against anyone connected with [Citibank] or [the cardholder] or claiming through [Citibank] or [the cardholder]… relating to [the cardholder's] account, a prior related account, or our relationship." The arbitration agreement further requires the cardholder to arbitrate all claims on an individual basis.[13] Mr. Saroza contends that he does not recall receiving the card agreement and did not agree to the arbitration provision.[14]

Client Services filed a motion to compel arbitration.[15] Mr. Saroza opposed the motion,[16] and Client Services filed a reply.[17]

## II.   LEGAL STANDARD

The Federal Arbitration Act provides that a written contract provision pertaining to a commercial transaction shall be "valid, irrevocable, and enforceable."[18] Upon refusal of a party to arbitrate, the aggrieved party may petition for enforcement in the District Court by motion to

---

[11] (D.E. 6–3, Ex. 1–2).

[12] *Id.*

[13] *Id.*

[14] (D.E. 11–1, Decl., at 2–3).

[15] (D.E. 1, Compl.).

[16] (D.E. 11, Pl.'s Br.).

[17] (D.E. 14, Def.'s Br.).

[18] 9 U.S.C. § 2.

compel arbitration.[19] "Any doubt concerning the scope of arbitrability should be resolved in favor of arbitration,"[20] in light of the "liberal federal policy favoring arbitration agreements."[21]

When deciding a motion to compel arbitration, the inquiry focuses on: (1) whether the parties have entered into a valid arbitration agreement, and (2) whether the dispute in question falls within the scope of the agreement.[22] The Third Circuit recently clarified, "the standards to be applied to motions to compel arbitration, identifying the circumstances under which district courts should apply the standard for a motion to dismiss, as provided by Rule 12(b)(6)… and those under which they should apply the summary judgment standard found in Rule 56."[23]

Courts should apply the Rule 12(b)(6) standard, "[w]hen it is apparent based on the face of the complaint, and documents relied upon in the complaint, that certain of the party's claims are subject to an enforceable arbitration clause . . . without discovery." [24]

On the other hand, "if a complaint and its supporting documents are unclear regarding the agreement to arbitrate, *or* if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should [are] entitled to discovery on the question of arbitrability."[25] After such discovery, "the court may

---

[19] *Id.*

[20] *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

[21] *CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665 (2012) (quoting *Moses H. Cone Memorial Hospital*, 460, U.S. at 24).

[22] *Century Indem. Co. v Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 523 (3d Cir. 2009).

[23] *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013).

[24] *Id.* at 776 (quotation marks omitted).

[25] *Id.* (emphasis added).

4

entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard."[26]

### III.   DISCUSSION & ANALYSIS

Mr. Saroza does not dispute that his claim falls within the scope of the exemplar arbitration agreement. Instead, he argues that Client Services has failed to establish that he is bound by the arbitration agreement. In support of this assertion, Mr Saroza claims that he did not receive a copy of the credit card agreement which allegedly contained an arbitration clause and that he did not agree to arbitrate any claims.[27] Further, Mr. Saroza contends that there is no signed arbitration agreement between the parties.[28]

Client Services relies on the declarant of Citibank employee Terri Montgomery coupled with an exemplar credit card agreement to show that Mr. Saroza agreed to the arbitration provision.[29] According to Mr. Saroza, the Citibank employee lacks the personal knowledge and qualifications to testify regarding the account in question.[30]

The Court must first determine whether it should apply the Rule 12(b)(6) motion to dismiss or the Rule 56 summary judgment standard in deciding this motion, and thus, must consider whether "arbitrability [is] apparent on the face of the complaint."[31] The Complaint in this case does not make it clear on its face that Mr. Saroza agreed to be bound by the arbitration agreement

---

[26] *Id.*

[27] (D.E. 11, Pls.' Br., at 11).

[28] *Id.*

[29] (D.E. 6–3, Montgomery Aff.; D.E. 6–3, Card Agreement).

[30] (D.E. 11, Pl.'s Br., at 11).

[31] *Guidotti*, 716 F.3d at 774.

and in fact, does not mention arbitration whatsoever.[32]

At a minimum, the movant should inform the Court when or even how the agreement was delivered.[33] The Montgomery declaration does not provide that information. In a nearly identical case involving a Citibank card agreement, a court in this District found that a similar employee declaration coupled with an exemplar to be insufficient to establish that the arbitration agreement was provided by mail and was binding.[34] Consequently, under *Guidotti*, this Court must allow the parties to conduct discovery on this issue.[35]

Mr. Saroza attempts to proffer additional facts to put the arbitration agreement at issue.[36] However, *Guidotti* only requires Mr. Saroza to plead additional facts if the Complaint is clear on its face that the parties agreed to arbitrate.[37]

The Court envisions limited discovery to clarify whether Mr. Saroza agreed to arbitrate. If Client Services can establish that the card agreement was mailed to Mr. Saroza, the Court will apply a rebuttable presumption that Mr. Saroza received it.[38] A supplemental declaration detailing how and when Citibank provided the card agreement to Mr. Saroza may suffice.[39] Additionally, a

---

[32] (D.E. 1, Complaint).

[33] *Amansec v. Midland Credit Mgmt., Inc.*, No. 215CV08798SDWSCM, 2017 WL 579936, at *4 (D.N.J. Jan. 20, 2017), *report and recommendation adopted*, No. 15-CV-08798-SDW-SCM, 2017 WL 555989 (D.N.J. Feb. 10, 2017).

[34] *Katsil v. Citibank, N.A.*, No. 16-3694, 2016 WL 7173765 (D.N.J. Dec. 8, 2016).

[35] *Steele v. Citibank, N.A.*, No. 15-CV-1618, 2016 WL 946615, at *3 (P.A.W.D. Mar. 14, 2016); *see also Guidotti*, 716 F.3d at 776.

[36] (D.E. 11, Pl.'s Br., at 12).

[37] *Ross v. CACH, LLC,* No. CIV. 2:14-6321, 2015 WL 1499282, at *3 (D.N.J. Apr. 1, 2015).

[38] *Steele,* 2016 WL 946615, at *4.

[39] *Id.*

6

signed card agreement coupled with an actual copy of the arbitration agreement at issue would weigh in favor of arbitrability. "Although not strictly required, a party's signature to an agreement is customary and perhaps [the] surest indication of assent."[40]

If Citibank comes forward with such evidence, the burden will shift to Mr. Saroza to rebut the presumption that he received the arbitration agreement.[41] As explained above, the rebuttal evidence need only be sufficient to overcome a motion for summary judgment, after which, the "Court may then proceed summarily to trial regarding the making of the arbitration agreement or failure…to perform the same."[42]

## IV. RECOMMENDATION

For the above reasons, the undersigned respectfully recommends that the motion to compel arbitration be **DENIED** without prejudice, and that the Court allow for limited discovery on the issue of arbitrability. At the conclusion of discovery, the Court will entertain a renewed motion to compel arbitration. The parties have fourteen days to file and serve any objections to this report and recommendation.[43] "The District Court need not consider frivolous, conclusive, or general

---

[40] *Leodori v. CIGNA Corp.*, 175 N.J. 293, 306 (2003).

[41] *Steele,* 2016 WL 946615, at *4.

[42] *Id. (quoting Guidotti*, 716 F.3d at 776 (citations omitted)).

[43]  28 U.S.C. § 636; L. Civ. R. 72.1(c)(2).

objections."[44]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

6/7/2018 3:38:10 PM

Original: Clerk of the Court
Hon. Madeline Cox Arleo, U.S.D.J.
cc: All parties
    File

---

[44] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).