**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of himself and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

―――――――――――――――――――――――X
:
NESTOR SAROZA, on behalf of himself and all  :
others similarly situated,                   :
                                             :
          Plaintiff,                    : Civil Action No. 2:17-cv-03429-ESK
                                             :
vs.                                          : **ORDER GRANTING FINAL**
                                             : **APPROVAL OF CLASS ACTION**
CLIENT SERVICES, INC.,                       : **SETTLEMENT AGREEMENT**
                                             :
          Defendant.                    :
                                             :
―――――――――――――――――――――――X

      **THIS MATTER** having been brought before the Court at a Fairness Hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, to consider Class Counsel's application for an award of attorneys' fees and costs, and to consider the service award to the Plaintiff; and the Plaintiff and Settlement Class Members being represented by Class Counsel and Defendant being represented by its attorneys;

      **AND THE COURT**, having read and considered the parties' Settlement Agreement and all the papers appurtenant thereto submitted by the parties and filed by Class Counsel, having reviewed and considered the brief and the declarations submitted in support of the

1

application, the oral arguments of counsel presented to the Court on February 16, 2023, and all papers filed and proceedings had herein, and for good cause having been shown, the Court finds the following:

1. On October 24, 2022, the Court granted Plaintiff's motion for preliminary approval of the class action settlement (ECF No. 124) in this action where Plaintiff alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("the FDCPA"). The Court certified the Settlement Class for settlement purposes, appointed a Settlement Administrator, approved Plaintiff as Class Representative, and appointed Lawrence C. Hersh, Esq. as Class Counsel.

2. The Settlement Class certified by the Court was defined as:

All New Jersey residents to whom Client Services, Inc., at any time between May 12, 2016 through the date of this Settlement Agreement, sent a letter in an attempt to collect a debt where the current creditor was Citibank, N.A., in substantially the same form as Exhibit A to the Complaint and which includes the following language:

> Citibank, N.A. will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions.

3. The Settlement Class database provided by Defendant to the Settlement Administrator ultimately included 1,353 persons who meet the definition of the Settlement Class, and Notice was mailed to those 1,353 members of the Settlement Class.

4. The Settlement Administrator has reported to the Court that the mailing was generally successful and that there were no objections or requests to be excluded from the Settlement Class.

5. Class Counsel did not receive any objections or requests for exclusion.

6. The Court has not received any requests for exclusion or objections.

7. Plaintiff now requests final approval of the settlement.

8. The Court has considered the Settlement Agreement, the Brief and Declarations and/or Certifications submitted in support of it, the accompanying documents, and the record.

**NOW, THEREFORE IT IS HEREBY ORDERED THAT:**

9. The Court has jurisdiction over the subject matter of this matter and over all parties hereto.

10. The application for Final Approval of the proposed settlement (**ECF No. 129**) is GRANTED and the parties are hereby ordered to consummate the settlement according to the terms of the Settlement Agreement, and as set forth in this Order.

11. The Court finds that the settlement, on the terms and conditions set forth in the Settlement Agreement, attached as Exhibit A to the Declaration of Lawrence C. Hersh, Esq., is fundamentally fair, reasonable, and adequate, and is in the best interests of the Settlement Class Members, especially in light of the benefits achieved on behalf of them; the risk and delay inherent in litigation; and the limited amount of any potential recovery that could be shared by the Settlement Class Members.

12. As set forth in paragraph 11(c) of the Settlement Agreement, Defendant shall fund the escrow account to be established by the Settlement Administrator in the amount calculated pursuant to paragraph 11 of the Settlement Agreement within twenty-one (21) days from the date this Order is entered.

13. Within forty-five (45) days of the date of this Order, the Settlement Administrator shall mail each Class Member their check according to the formula and process set forth in paragraph 11 of the Settlement Agreement.

14.     As set forth in paragraph 11(f) of the Settlement Agreement, funds from uncashed checks shall be split evenly and paid as *cy pres* awards to the National Association of Consumer Advocates and Central Jersey Legal Services.

15.     For efforts on behalf of the Class and to settle individual claims, Defendant shall pay $3,500 to Plaintiff Nestor Saroza within 30 days or as otherwise set forth in paragraph 12 of the Settlement Agreement.

16.     Upon entry of this Order and final approval of the settlement, Plaintiff and each member of the Settlement Class who have not been excluded will release Defendant as follows:

   a. As a result of the settlement that has been approved in this matter, when this judgment becomes effective upon the final approval date, Class Representative hereby releases and forever discharges Respondents, their past or present parents, affiliates, subsidiaries, successors, predecessors, assignors/assigns, and principals - including Citibank - and all of their present or former directors, officers, employees, partners, members, employees, agents, attorneys, and insurers (the "Released Parties") of and from all causes of action, suits, claims and demands, whatsoever, in law or in equity, known or unknown at this time, which Class Representative now has, ever had, or hereafter may have against the Released Parties, arising out of or relating in any way to Defendant's collection of the Account, including, without limitation, the FDCPA.

   b.  As a result of the settlement that has been approved in this matter, when this judgment becomes effective upon the final approval date, each Member of the Settlement Class, for themselves, their heirs, successors and assigns shall have jointly and severally remised, released, acquitted and forever discharged the Released Parties from any and all actions, causes of action, suits, claims, defenses, covenants, controversies, agreements, promises, damages, judgments, demands, liabilities and obligations in law or in equity that Plaintiff and members of the Settlement Class, as defined herein, asserted or could have asserted as a result of, arising out of, or in connection with the practices described in all versions of the Complaint in this action as they relate to all claims concerning any alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA").

17.     Defendant shall pay Class Counsel's fees and costs in the amount of $96,873.44, which payment includes costs and expenses (excluding the expenses of the

Settlement Administrator), time already spent and time to be spent attending hearings, and the monitoring of the settlement. This amount does not include any time, if necessary, to enforce any breach of the settlement agreement or for any appeals. The fees are in addition to the settlement benefits each Settlement Class Member will be receiving and are the sole property of Class Counsel, not Plaintiff or the Class. The Court finds that this award, requested hourly rate of $575.00 per hour, and time expended are fair and reasonable. Pursuant to the Settlement Agreement, this payment shall be made within 30 days or as otherwise provided for by paragraph 27 of the Settlement Agreement.

18. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

19. This Action against the Defendant is hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction over the action and all parties to interpret and enforce the terms, conditions and obligations of this Settlement Agreement. The case is **CLOSED**.

**IT IS SO ORDERED.**

Dated: February 16, 2023

*/s/ Edward S. Kiel*
HONORABLE EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE